United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOOMER,<br><br>Plaintiff,<br><br>v.<br><br>GAMECRATE, UNIPESSOAL LDA,<br><br>Defendant. | Case No. 22-cv-08998-SI<br><br>**FINAL DEFAULT JUDGMENT** |

The Court, having considered Plaintiff Christopher Boomer's Motion for Default Judgment and all of the papers filed in connection with the Motion and the pleadings on file in this action, hereby makes the following findings:

1. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant, who submitted to the jurisdiction of this Court by submitting a counter notification consenting to the jurisdiction of this district under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

3. Venue is proper in this District under 28 U.S.C. §§ 1400(a) and 1391(b).

4. Plaintiff owns valid and enforceable copyrights in his game, Weight Lifting Simulator, also called Muscle Legends in later versions, including without limitation U.S. Copyright Reg. Nos. TX0009098098, TX0009098172, and TX0009104854 (hereinafter Plaintiff's Works).

5. Defendant willfully infringed Plaintiff's copyrights by copying, reproducing, publicly displaying, and distributing an infringing game titled Training Simulator without authorization from Plaintiff via an online game platform provided by Roblox.

6. Plaintiff has been injured as a direct and proximate result of Defendant's copyright infringement, including without limitation incurring actual damages in the form of $213,485.88 in profits attributable to Defendant's infringement, pursuant to 17 U.S.C. § 504(b).

7. Plaintiff is entitled to attorneys' fees in the amount of $70,591.00 under 17 U.S.C. § 505, which the Court finds to be reasonable.

8. Plaintiff is entitled to $402.00 in taxable costs pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P 54(d)(1).

9. Plaintiff is entitled to prejudgment interest under the Copyright Act with an accrual period from June 28, 2022 through the date of this Judgment at the rate directed by 28 U.S.C. § 1961, which is 4.79%.

10. Defendant's infringement has caused Plaintiff irreparable injury, remedies at law are inadequate to compensate Plaintiff fully, the balance of hardships favors Plaintiff, and the public interest favors Plaintiff. Plaintiff is therefore entitled to an injunction pursuant to 17 U.S.C. § 502.

## JUDGMENT

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that judgment is **ENTERED** in favor of Plaintiff Christopher Boomer and against Defendant Gamecrate Unipessoal LDA on Plaintiff's claim for copyright infringement for a total award of $284,478.88, which includes $213,485.88 of damages attributable to Defendant's copyright infringement pursuant to 17 U.S.C. § 504(b), $70,591.00 of attorneys' fees pursuant to 17 U.S.C. § 505, and $402.00 of costs pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P 54(d)(1).\

This Judgment shall bear prejudgment interest, with an accrual period from June 28, 2022 through the date of this Judgment, and post-judgment interest at the rate directed by 28 U.S.C. § 1961, which is 4.79%.

## PERMANENT INJUNCTION

Defendant, and each of its past, current, and future owners, shareholders, agents, servants, employees, attorneys, successors and assigns, affiliates and all persons, firms, and corporations acting in concert with it, is hereby **PERMANENTLY ENJOINED** from directly or indirectly:

   a. reproducing, publishing, distributing, transmitting, publicly displaying, publicly performing, receiving revenue generated from or selling its game titled Training Simulator, and any products, works, or other materials that include, copy, are derived from, or embody

1     any or all of Plaintiff's Works in the United States;

2         b. authorizing, enabling, or assisting any third party to reproduce, publish, distribute, transmit, publicly display, publicly perform, receive revenue from, or selling its game titled Training Simulator, and any products, works, or other materials that include, copy, are derived from, or embody any or all of Plaintiff's Works in the United States;

        c. reproducing, publishing, distributing, transmitting, publicly displaying, or publicly performing, Plaintiff's Works, any derivative works based on Plaintiff's Works, or engaging in any activity that infringes Plaintiff's rights in Plaintiff's Works in the United States; and

        d. aiding, assisting, or abetting any other individual or entity in doing any act prohibited above, unless receiving prior written authorization from Plaintiff.

If Defendant, or any of its past, current, and future owners, shareholders, agents, servants, employees, attorneys, successors and assigns, affiliates and all persons, firms, and corporations acting in concert with it, is found by the Court to be in contempt of, or otherwise to have violated this Judgment and Permanent Injunction, Plaintiff shall be entitled to all available relief which he may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

This Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective current and future owners, shareholders, agents, servants, employees, attorneys, successors and assigns, affiliates and all persons, firms, and corporations acting in concert therewith.

This Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Judgment and Permanent Injunction.

The Permanent Injunction shall remain in full force and effect unless and until modified by order of this Court.

**IT IS SO ORDERED AND ADJUDGED**.

Dated: February 2, 2024

_____
SUSAN ILLSTON
United States District Judge

3